UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Robert Drinkman, on behalf of himself and all
others similarly situated,

       Plaintiff,

                                       Case No.: 07-CV-363-S

vs.

Encore Receivable Management, Inc.,

       Defendant.

## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1.    On December 14, 2007, the Court entered an order preliminarily approving the Class Settlement Agreement reached between Plaintiff and Class Representative, Robert Drinkman, and Defendant, Encore Receivable Management, Inc., as well as the form of the notice to be mailed to the class.

2.    The Court is informed that, in accordance with its order of December 14, 2007, notice to the class sent by first class mail to 1158 class members. A total of 67 envelopes were returned by the United States Postal Service as undeliverable with no forwarding address. 7 envelopes were returned with forwarding addresses and re-mailed.

3.    A total of 6 requests for exclusion were received on or before the opt out date of January 28, 2008 from the following individuals: Brian McGinnis, Betty Haynes, Charlene Kimball, Patricia Nigbor, Ellen Mailen, and Melissa A. Zanow. No objections were filed or received by counsel for the parties.

4.    On February 8, 2008, the Court held a fairness hearing to which class members, including any with objections, were invited to appear.

5.      The Court finds that the provisions for notice to the class satisfy the requirements of Federal Rules of Civil Procedure 23 and due process.

6.      The Court further finds the settlement is made in good faith and is fair, reasonable and adequate, and hereby approves the Class Settlement Agreement submitted by the parties, including the Release and a payment of settlement funds as follows:

a)   Class Representative Robert Drinkman will receive $5,000 as statutory damages, actual damages, costs and fees, in full and complete settlement of his individual claims. In accordance with the Settlement Agreement, these funds shall be paid by check within ten (10) days of the Effective Date set forth in the Class Settlement Agreement (the "Effective Date").

b)   Defendant shall pay as a settlement fund, twenty thousand dollars ($20,000) ("Settlement Fund"), which shall be disbursed on a pro-rata basis to those members of the Class who did not timely opt out on or before January 28, 2008. Defendant shall fund the Settlement Fund within seven (7) days of the Effective Date. All checks issued in accordance with this paragraph shall indicate on their face that they are void after one hundred and twenty (120) days from the date issued ("void date"), which shall be sent by first-class mail by Defendant within fourteen (14) days of the Effective Date. Any portion of the Settlement Fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed one hundred and twenty (120) days after distribution shall be contributed to the University of Wisconsin, Madison Law School Consumer Law Clinic as a *cy pres* award. In addition, within one hundred (100) days after final approval of this agreement by the District Court, counsel for the Defendant shall provide a report to Class Counsel stating the number of Class members' checks that were returned or remained uncashed.

c)   Class Counsel shall receive payment for costs and attorney's fees in the amount of $50,000.00. Class Counsel will not request additional fees or costs from Defendant or the Class Members other than the court awarded fees and costs. The attorney's fees shall be paid within ten (10) days of the Effective Date.

d)   In accordance with the terms of the Class Settlement Agreement, the Class Representative and each and every member of the Class, including each and every one of their respective agents, representatives, attorneys, heirs, assigns or any other person acting on their behalf or for their benefit (collectively "Releasers") release and discharge Defendant, as well as their predecessors and successors in interest and present and former affiliates,

subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which Defendant performs portfolio servicing activities (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releases") from any causes of action, suits, claims or demands whatsoever, in law or in equity, known or unknown at this time, which the Class Representative and the Class now have or ever had against the Releases, or any of them, arising out of the allegations or subject matter of the Complaint. Because Class members have made, or will make, payments to Defendant for debts owed, Defendant does not release any claims they may have against Class members. In particular, the underlying debts, which Defendant was attempting on behalf of its clients to collect via the letters at issue, are in no way affected by this class settlement and nothing herein shall prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Class Representatives or the Class members or prevent Class members from asserting any defenses they have to the debts. Likewise, Class members do not release any claims they may have against Defendant which relate to Defendant's processing of payments made to Defendant for the benefit of its clients, or the application of those payments to the Class members' accounts.

7. The Class Representative and any member of the Class who has not excluded himself or herself from the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any state, federal, or foreign court, against Defendant, its predecessors or successors in interest, or their past or present affiliates, subsidiaries, insurers, successors, and assigns, and its present or former directors, officers, partners, employees, members, shareholders, representatives, heirs, assigns, agents, insurers, attorneys, and entities for which Defendant performs portfolio servicing activities (including, without limitation, any investors, trusts, or other similar entities), any and all claims, arising out of the allegations in this lawsuit. Defendant shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3) of the FDCPA against the Class Representative or against any member of the Class arising out of the claims asserted against Defendant in this action;

8.  The court dismisses this action, with prejudice, but retains jurisdiction to supervise and enforce the terms of this Agreement.

Rendered and Entered this 8th Day of February, 2008

*Barbara B. Crabb*
~~John C. Shabaz~~
District Judge

16428011v1 880136